# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 09-427V
Filed: April 30, 2013

*************************************
ANITA ROBERTS and GARY ROBERTS,   *      NOT TO BE PUBLISHED
Co-petitioners, as Next Friends, Parents   *
acting on behalf of AMBER ROBERTS,    *      **Special Master Zane**
their minor child,                          *
                                   *
           Petitioners,            *
                                   *
v.                                   *      Interim attorneys' fees and costs;
                                   *      Protracted proceedings; significant
SECRETARY OF HEALTH          *      expert costs
AND HUMAN SERVICES,         *
                                   *
          Respondent.          *
                                   *
*************************************

*Thomas Kelly Herren*, Herren and Adams, Lexington, KY for Petitioner.
*Ann Martin*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

      Pending before the undersigned is Petitioners' counsel's Interim Application for Fees and Costs, to which Respondent objects. As explained below, upon consideration of the record as a whole, the application is GRANTED.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the Special Master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

1

## I.    BACKGROUND

### A.   Initial Filing and Submission of Medical Records

On July 1, 2009,  Anita Roberts and Gary Roberts ("Petitioners"), on behalf of their daughter, Amber Roberts ("Amber"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §300aa-10, *et seq.*,  as amended ("Vaccine Act").[2]   Petitioners allege that their daughter suffered, *inter alia,* transverse myelitis as a result of a tetanus-diphtheria-acellular pertussis vaccine ("Tdap") vaccination administered to her on July 6, 2006.  Petition at 1.

On December 4, 2009, Petitioners filed all outstanding medical records.  On March 17, 2010, Respondent filed a Rule 4 Report in which, *inter alia,* she indicated that it was Respondent's position that Petitioners were not entitled to compensation.  Rule 4 report at 1. Subsequently, the parties filed expert reports.  Petitioners' Exhibit ("P's Ex.") 14 and Respondent's Exhibit ("R's Ex.") A.  On October 14, 2010, the previously assigned Special Master ordered the filing of supplemental expert reports.  [ECF No. 18].  Respondent filed her supplemental expert report on December 10, 2010.  R's Ex. C.  On July 11, 2011, Petitioners filed their supplemental expert report along with a second expert report.  P's Exs. 18 and 19.  On September 9, 2011, Respondent filed her supplemental expert report along with a second responsive expert report.  R's Exs. L and N.[3]

On March 26 and 27, 2012, an entitlement hearing was held in Cincinnati, OH.  One of the petitioners, Ms. Roberts, and her daughter, the recipient of the vaccine, testified.  Tr. at 91 and 107.  Three expert witnesses also testified for Petitioners.  Tr. at 4 and 122, 524.  Two expert witnesses testified for Respondent.  Tr. at 247, 526 and 408.  Following the hearing, both parties submitted post-hearing briefs and responsive post-hearing briefs.  In addition, Petitioners submitted this request for an award of interim fees and costs.

### B.  Petitioners' Application for Interim Fees and Costs

On February 4, 2013, Petitioners filed their Application for Interim Fees and Costs ("Application for Interim Fees").  In this filing, Petitioners noted that counsel's fees and costs have been accumulating over a five-year period.  Application for Interim Fees at 1.   Petitioners also noted that this case required more than the usual expenditure of resources because it involved review and understanding of complex medical information.  *Id.*  Ultimately the case culminated in a three-day hearing at which two fact witnesses and five medical experts testified. *Id.*  at 2.   The hearing required extensive preparation and post-hearing briefing.  *Id.*

On March 4, 2013, Respondent filed a response to the Application for Interim Fees ("R's Response to Interim Fees Application").  Respondent, citing *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1350-52 (Fed. Cir. 2008), argued that payment of interim fee awards is only appropriate during the pendency of an appeal regarding fees, following a resolution of the

---

[2] Part 2 of the Vaccine Act established the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through § 300aa-34 (2006) ("Vaccine Program").

[3] This matter was transferred to the undersigned in March 2011.

merits so that a special master may not award fees and costs prior to entering a decision on entitlement. R's Response to Interim Fees Application at 3, 5. According to Respondent, because no entitlement decision has issued, an award of interim fees is not appropriate here. *Id.* at 5. At the same time, Respondent stipulated to a specific amount of fees as being a reasonable amount, contemporaneously filing the Parties' Stipulation of Facts Concerning the Amount of Attorneys' Fees and Costs Reasonably Incurred in Proceedings In This Case To Date. [ECF Nos. 77 and 78].

On March 12, 2013 Petitioners filed their Reply to Respondent's Response to Motion for Interim Attorney's Fees and Costs ("Petitioners' Reply"). Petitioners argued that the holding in *Avera* contemplates the type of award requested and that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Petitioners' Reply at 2. Petitioners further asserted that they have "made a huge investment of time and money in this matter and should not be expected to wait any longer for payment." *Id.*

## II.    APPLICABLE LEGAL STANDARDS

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). This provision permits an award of fees even when a petitioner does not prevail. *Id.* In so doing, this provision ensures the existence of a competent bar willing to represent those potentially injured by vaccinations. *Saunders v. Sec'y of Health & Human Servs.,* 25 F.3d 1031, 1035-36 (Fed. Cir. 1994) (a secondary purpose of the Vaccine Act, to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act, is effected by permitting the award of attorneys' fees and costs both to prevailing and non-prevailing claimants).

When compensation is not awarded, reasonable fees can still be awarded as long as it is shown that the petition was filed in good faith and there was a reasonable basis for it. 42 U.S.C. § 300aa-15(e)(1); *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1375 (Fed. Cir. 2010). Good faith requires only a subjective belief that a vaccine claim exists. A presumption of good faith is afforded petitioners in Vaccine Act cases. *See Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).

The Vaccine Act does not define what constitutes a reasonable basis, but case law provides guidance. In contrast to the subjective standard relating to the good faith requirement, the reasonable basis requirement is "objective, looking not at the likelihood of success of a claim but more to the feasibility of the claim." *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed. Cl. 297, 303 (2011), *citing DiRoma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). A determination of reasonableness is appropriate at the various stages of the proceeding, and such determination is informed by looking to the totality of the circumstances. *McKellar,* 101 Fed. Cl. at 303. Although a claim may have had a reasonable basis at the time of its filing, the reasonableness of further pursuing the claim may come into question when new evidence becomes available or the lack of supporting evidence becomes apparent. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 33 (1992), *aff 'd,* 33 F.3d 1375 (Fed. Cir. 1994).

As to the timing of an award of fees, in *Avera*, 515 F.3d at 1352, the United States Court of Appeals for the Federal Circuit explicitly recognized that the Vaccine Act permitted the award of attorneys' fees and costs on an interim basis. Following *Avera*, the Federal Circuit has clarified that an interim fee award may be made prior to a decision on entitlement. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010)("A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis.") (quoting *Avera* 515 F.3d at 1352).

In *Avera*, the Federal Circuit provided examples of circumstances where an interim fee award may be appropriate, such as when the case involved protracted legal proceedings, when costly experts had been retained, or when there was undue hardship. *Avera*, 515 F.3d at 1352; *see also McKellar*, 101 Fed. Cl. at 301 ("some special showing is necessary to warrant interim fees, including but not limited to delineated [*Avera*] factors . . . . "); Vaccine Rule 13(b). Since *Avera*, cases have clarified that an award of interim fees is in the special master's discretion and that there are various circumstances under which an interim award is appropriate. *See Crutchfield v. Sec'y of Health & Human Serv.,* No. 09-39V, 2011 WL 3806351, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 4, 2011)(listing cases).

Once it is established that an award of fees is appropriate, the appropriate amount of fees, the "reasonable attorneys' fees," must be determined. 42 U.S.C. § 300aa-15. The determination of the amount of reasonable attorneys' fees is also in the special master's discretion. *Shaw*, 609 F.3d at 1377, *citing Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). In cases where there is no dispute as to the amount of fees claimed, Special Masters have awarded a petitioner's counsel that undisputed amount generally. *See e.g., Shaw,* 609 F.3d at 1377.

## III.    DISCUSSION

As explained below, Petitioners have satisfied the requirements for an award of interim fees.

### A. <u>Petitioners Have Acted in Good Faith and Have Established A Reasonable Basis for the Claim.</u>

A review of the record as a whole indicates that the claim was brought in good faith and there was a reasonable basis for it. With regard to good faith, it is clear that Petitioners had a subjective belief that the vaccination caused their daughters' injury. Respondent has not challenged the presumption of good faith here, and the undersigned is satisfied that Petitioners filed this claim earnestly believing that their daughter suffered a vaccine-related injury.

As to reasonable basis, the evidence indicates that the claim was feasible. The medical records indicate that on July 6, 2006, Petitioners' daughter visited her pediatrician for a sixth grade check-up during which she received a Tdap vaccine. P's Ex. 13 at 26, 51. About one month later, on August 5, 2006, Petitioners' daughter presented to the emergency department at Cincinnati Children's Hospital with acute onset lower extremity paralysis, afebrile, and without any previous illness. P's Ex. 6A at 1. The initial impression given was acute transverse myelitis

and Petitioners' daughter was subjected to various treatments and therapies over the next few months without any substantial recovery. P's Ex. 11 at 146. Subsequently multiple expert reports were filed in which Petitioners' experts opined that there is a causal connection between the receipt of the vaccination and Petitioners' daughter's illness. P's Ex. 14 at 2; P's Ex. 18 at 3. Finally, an extensive three-day hearing was held at which Petitioner, Anita Roberts, and her daughter, as well as five expert witnesses, three for Petitioners and two for Respondent, testified. Whether or not Petitioners are determined to be entitled to compensation is currently under advisement. But, at the same time, given the detailed evidence and opinions presented, a reasonable basis existed and continues to exist for this claim.

## B.  An Interim Fee Award is Appropriate

Respondent objects to Petitioners' counsel's application for interim attorneys' fees, arguing that the limited scenario discussed in *Avera,* 515 F.3d at 1352, which would allow for interim fees is not present in this case because an entitlement decision has not been issued. As recognized in *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010), however, interim fees may be awarded prior to a decision on entitlement. Moreover, at least two of the limited circumstances recognized in *Avera*, 515 F.3d at 1352, as being appropriate for the award of interim fees, *i.e.* protracted proceedings and significant expert costs, are present in this case.

### 1.  Protracted Proceedings

First, an award of interim fees is appropriate because these proceedings are protracted. These proceedings have been ongoing for over five (5) years. A hearing was conducted on March 26 and 27, 2012, followed by extensive post-hearing brief. Although a decision on entitlement is anticipated in the near future, the fact is that this matter has already been pending for substantial period. Given the length of time this action has already been pending, these proceedings are clearly protracted.

### 2.  Significant Expert Costs

Additionally, this case involved the testimony of three medical experts on Petitioners' behalf. Application for Interim Fees at 2. As Petitioners noted in their reply, they have incurred over $29, 000.00 in out-of-pocket fees and costs to-date, including expert costs. This amount certainly qualifies as significant.

The circumstances recognized in *Avera* as justifying an interim fee award--protracted proceedings and significant expert costs —are present here. Payment of interim fees is justified.

## C. **The Amounts Requested Are Reasonable**.

Having determined that Petitioners are entitled to fees, the amount that is reasonable must be determined. Respondent and Petitioners have stipulated to an amount and filed this stipulation with the court. Parties' Stipulation as to Fees ¶ 5. The undersigned finds that the amount of $100,000.00 in attorneys' fees and costs, to which the parties have stipulated, is reasonable based on this stage of the proceedings. Based on the request's reasonableness, the undersigned **GRANTS** the Petitioners' request for an award of interim fees incurred by their counsel.

## IV.    CONCLUSION

For the reasons explained above, the undersigned finds that an award of interim attorneys' fees and costs to Petitioners' counsel is appropriate in this case. The decision shall reflect that Petitioners are awarded attorneys' fees and costs on an interim basis as follows:

> **in a check made payable jointly to Petitioners (Anita Roberts and Gary Roberts )
> and Petitioners' counsel (Thomas K. Herren of the law firm Herren and Adams),
> the amount of $ 100,000.00. The interim award check shall be mailed
> directly to Thomas K. Herren, Herren and Adams, 148 North Broadway, Lexington,
> KY, 40507.**

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master
